UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND J. MANZANILLO,

    Plaintiff,

v.

GREGORY D. LEWIS, et al.,

    Defendants.

Case No. 12-cv-05983-JST (PR)

**ORDER OF SERVICE; DIRECTIONS TO CLERK**

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. The Court reviewed his complaint and dismissed it with leave to amend. He then filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff alleges that defendants, officials and employees of PBSP and the California Department of Corrections and Rehabilitation ("CDCR"), violated his constitutional rights.  According to the complaint, plaintiff filed a prior civil rights action in this court against PBSP officials.  See Manzanillo v. Jacquez, et al., No. C 10-3783 JSW (PR).  On August 8, 2011, in retaliation for having filed said action, defendants N. Brown, T.A. Wood, and J. Hallock, all correctional officers, staged an attack on plaintiff by another prisoner.  Specifically, plaintiff alleges that, after plaintiff returned to his cell from the prison law library, defendant N. Brown failed to electronically secure plaintiff's cell door.  According to the complaint, defendant N. Brown then opened the door to the exercise yard, allowing another prisoner – plaintiff's known enemy – to exit the yard and enter plaintiff's cell, after which defendant N. Brown secured plaintiff's cell door.  Plaintiff alleges he was attacked "for several minutes" before officials finally entered the cell to stop the assault.  Plaintiff alleges that, on his way to the clinic to be treated for his injuries, he was greeted by defendants T.A. Wood and J. Hallock who stated to plaintiff: "We had no choice."  Plaintiff further alleges that defendants Warden G.D. Lewis, Associate Warden K. McGuyer, and CDCR Director Matthew Cate failed to properly train the other defendants, which led to plaintiff's attack and defendants' violation of his rights.  When liberally construed, the

1 foregoing allegations are sufficient to state a cognizable claim against the above defendants for

2 retaliation, conspiracy, and deliberate indifference to plaintiff's safety.

**CONCLUSION**

4     For the foregoing reasons and for good cause shown,

5     1.    Plaintiff's amended complaint states cognizable claims against N. Brown, T.A.
6 Wood, J. Hallock, G.D. Lewis, K. McGuyer, and Matthew Cate.  The Clerk shall terminate all
7 other defendants.

8     2.    The Clerk shall issue summons and the United States Marshal shall serve, without
9 prepayment of fees, copies of the amended complaint and copies of this order upon: (1) <u>the
10 following defendant at CDCR</u>: Matthew Cate; and (2) <u>the following defendants at PBSP</u>: Warden
11 G.D. Lewis, Associate Warden K. McGuyer, N. Brown, T.A. Wood, and J. Hallock.  <u>The Clerk
12 shall also mail a courtesy copy of the amended complaint and this order to the California Attorney
13 General's Office</u>.

14     3.    In order to expedite the resolution of this case, the Court orders as follows:

15     a.    No later than **90 days** from the date this order is filed, defendants must file
16 and serve a motion for summary judgment or other dispositive motion.  If defendants are of the
17 opinion that this case cannot be resolved by summary judgment, defendants must so inform the
18 Court prior to the date the motion is due.  A motion for summary judgment also must be
19 accompanied by a <u>Rand</u> notice so that plaintiff will have fair, timely and adequate notice of what
20 is required of him in order to oppose the motion.  <u>Woods v. Carey</u>, 684 F.3d 934, 939 (9th Cir.
21 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be
22 served concurrently with motion for summary judgment).  A motion to dismiss for failure to
23 exhaust available administrative remedies similarly must be accompanied by a <u>Wyatt</u> notice.
24 <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012).

25     b.    Plaintiff's opposition to the summary judgment or other dispositive motion
26 must be filed with the Court and served upon defendants no later than **28 days** from the date the
27 motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment
28 provided later in this order as he prepares his opposition to any motion for summary judgment.

1   Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-
2   exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

3         c.    Defendants **shall** file a reply brief no later than **14 days** after the date the
4   opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No
5   hearing will be held on the motion.

6       4.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the
7   Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must
8   do in order to oppose a motion for summary judgment.  Generally, summary judgment must be
9   granted when there is no genuine issue of material fact – that is, if there is no real dispute about
10  any fact that would affect the result of your case, the party who asked for summary judgment is
11  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
12  makes a motion for summary judgment that is properly supported by declarations (or other sworn
13  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
14  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
15  as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and
16  documents and show that there is a genuine issue of material fact for trial.  If you do not submit
17  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
18  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v.
19  Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

20  Plaintiff also is advised that a motion to dismiss for failure to exhaust available
21  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
22  prejudice.  You must "develop a record" and present it in your opposition in order to dispute any
23  "factual record" presented by defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d
24  1108, 1120 n.14 (9th Cir. 2003).

25  (The Rand and Wyatt notices above do not excuse defendants' obligation to serve said
26  notices again concurrently with motions to dismiss for failure to exhaust available administrative
27  remedies and motions for summary judgment.  Woods, 684 F.3d at 939).
28  ///

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: July 30, 2013

_____
JON S. TIGAR
United States District Judge