UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| RAYMOND J. MANZANILLO,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY D. LEWIS, et al,<br><br>    Defendants.<br>_____/ | No. 3:12-CV-05983 JST (NJV)<br><br>ORDER RE MOTION TO COMPEL<br><br>(Doc. 104.) |

On June 6, 2014, Plaintiff filed a Third Motion to Compel Discovery and Deem Additional Requests for Admissions Admitted. (Doc. 104.) In an order entered August 5, 2014, District Judge Jon S. Tigar lifted the stay in this action and referred Plaintiff's motion and all further discovery motions filed in this case to the undersigned. (Doc. 111.) The matter was heard on August 26, 2014. For the reasons discussed below, the court grants Plaintiff's motion in part and denies it in part.

**Request for Production of Documents**

Plaintiff seeks information concerning incidents involving the use of force on inmates at the Security Housing Unit at Pelican Bay State Prison. Defendants object to Plaintiff's request for production concerning these incidents on the grounds that it lacks foundation, and that the sought-after information is irrelevant, is not likely to lead to admissible evidence, and may violate other inmates' right to privacy. Plaintiff argues that this evidence is relevant to his claims based on supervisory liability.

It is well established that a supervisor may be liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to prevent them. *Taylor v. List*, 880 F.2d 1040, 1050 (9th Cir. 1989). The court finds that the

information sought by Plaintiff is relevant and may lead to admissible evidence on his claim that supervisory Defendants failed to properly train other Defendants. *See* Federal Rule of Evidence 401 ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."); Federal Rule of Civil Procedure 26(b) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.")

Accordingly, Defendants shall produce the information sought by Plaintiff, only for the time period starting three months before the alleged incident and until three months after the alleged incident. Defendants shall provide the date of the incident, and a brief description of both the incident and the resulting administrative procedures following the incident. Defendants shall appropriately redact the names of both inmates not parties to this lawsuit and CDCR personnel as needed in order to protect their privacy.

**Requests for Admission**

Plaintiff propounded a Second Request for Admissions on March 19, 2014. The case was stayed from April 22, 2014, until August 5, 2014. (Doc. 99, 111.) Plaintiff's request to deem the requests for admission admitted is DENIED. Defendants shall provide a response to the Second Request for Admissions to Plaintiff no later than September 19, 2014.

IT IS SO ORDERED.

Dated: August 27, 2014

_____
NANDOR J. VADAS
United States Magistrate Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| RAYMOND J. MANZANILLO, | No. 3:12-CV-05983 JST (NJV) |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| GREGORY D. LEWIS, et al., | |
| Defendants. | |

I, the undersigned, hereby certify that on August 27, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Raymond J. Manzanillo
#:J91574
Pelican Bay State Prison
P.O. Box 7500, Housing: C7-205
Crescent City, CA 95532

/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas

3