1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                    EUREKA DIVISION
11

| | |
|---|---|
| **RAYMOND J. MANZANILLO,** | C-12-598 JST (NJV) |
| Plaintiff, | **ORDER FOLLOWING HEARING ON PLAINTIFF'S MOTIONS TO COMPEL AND MOTION FOR SANCTIONS** |
| v. | |
| **GREGORY D. LEWIS, et al.,,** | |
| Defendants. | |

Plaintiff's Motion to Compel Production of Documents from Defendants (ECF No. 66), Motion to Compel Interrogatory Responses from Defendants (ECF No. 86), Motion to Compel Response to Interrogatory (ECF No. 124), Motion for Sanctions (ECF No. 118) and Motion to Compel the Production of Documents from Non-Party Office of the Inspector General (OIG) (ECF Nos. 56 & 133) came before Magistrate Judge Nandor Vadas for hearing on March 3, 2015. The court, having heard the arguments of Plaintiff, counsel for Defendants Cate, Lewis, McGuyer, Wood, and Hallock, and counsel for non-party Office of the Inspector General, DENIES Plaintiff's motion for sanctions, PARTIALLY GRANTS and PARTIALLY DENIES Plaintiff's motions to compel discovery from Defendants, and ORDERS discovery as follows:

*<u>Plaintiff's Motion to Compel Production of Documents (ECF No. 66)</u>*

**A.    Plaintiff's Request for Production of Documents, Set Number One**

**1.    Request Number 1:**

By April 2, 2015, Defendants must allow Plaintiff to view the videotape of the September 15, 2011 interview regarding incident Log #PBSP-FD08-11-0310.

**2.    Request Number 2:**

By April 2, 2015, Defendants must provide Plaintiff with a copy of the appeal inquiry report in connection with incident Log #PBSP-FD08-11-0310, Appeal No. PBSP-11-02268. Defendants may redact any sensitive information in the report.

**3.    Request Number 7:**

By April 2, 2015, Defendants must provide Plaintiff with the Post Orders for D-Unit 8 Control Booth, which was manned by Defendant N. Brown on August 8, 2011, and D-Unit First Line Supervisor, which was occupied by Defendant J. Hallock on August 8, 2011. Defendants may redact any sensitive information in those documents.

**4.    Request Number 11:**

Plaintiff's request for "Internal Affairs Investigation Closure" memoranda is denied.

**5.    Request Number 15:**

1

By May 4, 2015, Defendants must produce any complaints submitted against Defendant Lewis between May 8, 2011 and November 8, 2011 pertaining to the mistreatment of inmates. Defendants may redact any sensitive information in those documents.

**6.     Request Number 16:**

Plaintiff's request for all "Skelly Packages" is denied.  At trial, Defendants may not use information from the "Skelly Packages" without first obtaining written permission from Plaintiff.

**7.     Request Number 17:**

Plaintiff's request for all "notices of adverse action" is denied.

**8.     Request Number 19:**

Plaintiff's request for all "preliminary notices of adverse action" is denied.

**9.     Request Number 20:**

Plaintiff's request for all Office of Internal Affairs files is denied.

**10.    Request Number 21:**

Plaintiff's request for documents prepared by the California Department of Corrections and Rehabilitation's Office of Legal Affairs in connection with Log Number PBSP-FD08-11-0310 is denied.

**11.    Request Number 22:**

By April 2, 2015, Defendants must produce the post orders or duty statements for Defendants Wood, McGuyer, and Lewis.  Defendants may redact any sensitive information in those documents.

**12.    Request Number 25:**

Because Defendants do not have possession, custody or control of video footage of the SHU's "A-pod" yard from August 8, 2011, Plaintiff's request for such footage is denied.  In the event that such footage becomes available before trial, Defendants may not use it without first obtaining written permission from Plaintiff.

**B.     Plaintiff's Request for Production of Documents, Set Number Two**

**1.     Request Number 1:**

1  Plaintiff's request for documents or reports or allegations of misconduct by staff against
2  Plaintiff is denied.  If such information is found, Defendants may not use it without first obtaining
3  written permission from Plaintiff.

4  **2.    Request Number 2:**

5  By April 2, 2015, Defendants must produce the CDCR form 2140 Internal Affairs
6  allegation log related to Log Number PBSP-FD08-11-0310.  Defendants may redact any sensitive
7  information in those documents.

8  **3.    Request Number 3:**

9  Plaintiff's request for a CDCR Form 989 related to Log Number PBSP-FD08-11-0310 is
10 denied.  At trial, Defendants may not use information from such a CDCR Form 989 without first
11 obtaining written permission from Plaintiff.

12 **4.    Request Number 4:**

13 Plaintiff's request for documents pertaining to Internal Affairs allegations or complaints
14 logged into the case management system in accordance with Penal Code section 6065 is denied.
15 At trial, Defendants may not use such information without first obtaining written permission from
16 Plaintiff.

17 **5.    Request Number 5:**

18 Plaintiff's request for documents which contain findings in connection with Log Number
19 PBSP-FD08-11-0310 is denied.  At trial, Defendants may not use such information without first
20 obtaining written permission from Plaintiff.

21 *Plaintiff's Motion to Compel Interrogatory Responses (ECF No. 86)*

22 **1.    Interrogatory Numbers 8 and 9 to Defendant Wood:**

23 By April 2, 2015, Defendants must provide amended responses to interrogatory numbers 8
24 and 9.

25 **2.    Interrogatory Numbers 14 and 15 to Defendant Lewis:**

26 By April 2, 2015, Defendants must provide amended responses to interrogatory numbers 14
27 and 15.

28 ///

///

*Plaintiff's Motion to Compel Response to Interrogatory (ECF No. 124)*

**1.    Interrogatory Number 24 to Defendant McGuyer**

Plaintiff's request for an amended response to interrogatory number 24 is denied.

*Plaintiff's Motion for Court to Overrule Objections Proffered by the Office of the Inspector General in Response to Subpoena Duces Tecum Served and Compel Production of Documents (ECF Nos. 56 & 133)*

Plaintiff's motion to compel the production of CDCR documents in the possession of the Office of the Inspector General (OIG), a non-party to this action, is DENIED as Plaintiff had the opportunity to obtain those documents from CDCR. Plaintiff's motion to compel the production of other OIG documents is also DENIED.

*Plaintiff's Renewed Motion for Leave to Serve Additional Interrogatories (ECF 132)*

Plaintiff's renewed motion for leave to serve additional interrogatories on Defendants Lewis, Wood and Cate is DENIED as Plaintiff had ample opportunity to obtain the information now sought in his previous interrogatories.

IT IS SO ORDERED.

Dated:  March 16, 2015

NANDOR J. VADAS
United States Magistrate Judge